UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES WHITE,

                Petitioner,                          **No. 05-CV-0545(VEB)**
                                                            **DECISION AND ORDER**

   -vs-

GARY GREENE, Superintendent,

                Respondent.
_____

**I.      Introduction**

By a petition for a writ of habeas corpus, *pro se* petitioner James White ("White" or "Petitioner") seeks release from custody pursuant to 28 U.S.C. § 2254. Petitioner's custody arises from a judgment of criminal conviction rendered after a jury trial in Erie County Court in which he was found guilty of two counts of rape in the first degree (New York Penal Law ("P.L.") § 130.35(3)), one count of sexual abuse in the first degree (P.L. § 130.65(3)) and one count of endangering the welfare of a child (P.L.§ 260.10(1)). White was sentenced on May 19, 2000, to two determinate terms of imprisonment of 25 years for the two rape convictions, those sentences to be served consecutively to each other. A seven-year determinate term was imposed for the sexual abuse conviction, and a one-year definite term was imposed for the remaining count. Both of these sentences were ordered to be served concurrently with each other and with the two terms imposed for the rape convictions. The Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed Petitioner's conviction on June 13, 2003. *People v. White*, 306 A.D.2d 886 (App. Div. 4th Dept. 2003). The New York Court of Appeals denied leave to appeal on September 2, 2003. *People v. White*, 100 N.Y.2d 625 (N.Y. 2003).

White then sought to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10(1)(h) on the basis that he was denied his Sixth Amendment right to the effective assistance of counsel because counsel allegedly failed to advised him that he had an absolute right to testify in his own behalf, and that he could ignore counsel's advice that he not testify. White also claimed that his attorney prejudiced his defense by telling the jury in his opening statement that petitioner would testify, but then he resting without calling petitioner or offering an explanation in his summation for petitioner's failure to testify.

The trial court denied the motion on November 5, 2004, holding that because Petitioner failed to provide particulars of his prospective testimony, he had not shown the absence of a legitimate basis for counsel's conclusion that he should not testify. *People v Rivera*, 71 N.Y.2d 705, 709 (1988). The trial court also held that petitioner failed to provide any independent evidence supporting his contention that counsel erroneously advised him about whether to testify or about the nature of his right, as a defendant, to testify in his own behalf. The trial court observed that when Petitioner informed the court at trial that he did not wish to testify, there was no reasonable basis upon which to conclude that he did not know or was otherwise unaware that the decision to testify was ultimately his to make. Permission to appeal the denial of the C.P.L. § 440.10 motion to the intermediate state appellate court was denied on March 31, 2005.

White then filed this timely habeas petition in which he raises the same contentions set forth in his C.P.L. § 440.10 motion–that trial counsel rendered allegedly ineffective assistance in connection with his advising White about the right to testify and his statement to the jury during opening argument that White was going to testify. Respondent answered the petition arguing that the claim is unexhausted and possibly procedurally default but, in any event, without merit. The

Court does not agree with respondent's non-exhaustion and procedural default arguments, as it reads the trial court's C.P.L. § 440.10 order as considering and denying White's ineffective assistance claim on the merits.[1]

For the reasons set forth below, the petition is dismissed.

## II. Discussion

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), to which this petition is subject, relief may not be granted unless the State court's adjudication of the merits of petitioner's Federal claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). As stated by the United States Supreme Court:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but

---

[1] The trial court cited C.P.L. § 440.30(4)(b) and § 440.30(4)(d) in its decision denying the motion. C.P.L. § 440.30(4) provides that "[u]pon *considering the merits* of the motion [to vacate judgment], the court may deny it *without conducting a hearing* if: . . . (b) The motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts; or . . . (d) [a]n allegation of fact essential to support the motion (I) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true." N.Y. CRIM. PROC. LAW § 440.30(4)(b), (d) (emphases supplied). Courts in this Circuit, and in particular this District, have found that "this rule applies, by its own terms, when a trial court denies a § 440.10 motion '[u]pon considering the merits of the motion,' . . . a denial pursuant to § 440.30(4)(b) should be considered a decision on the merits, which cannot serve as a procedural bar to a federal habeas claim." *Russillo v. Mellas*, No. 03-CV-792S, 2007 WL 748437, at *8 (W.D.N.Y. Mar. 7, 2007) (adopting report and recommendation) (alteration in original) (citations omitted).

-3-

unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J.); *see also Sacco v. Cooksey*, 214 F.3d 270, 273 (2d Cir.2000), *cert. denied*, 531 U.S. 1156 (2001). Thus, a Federal court may only grant habeas relief where the State court's application of clearly established Federal law was not only erroneous, but objectively unreasonable. *Williams*, 529 U.S. at 409; *see also Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004) ("We cannot grant relief under AEDPA by conducting our own independent inquiry into whether the state court was correct as a *de novo* matter.").

The relevant federal law with respect to a claim of ineffective assistance of trial counsel is the performance and prejudice test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). As explained by the Second Circuit Court of Appeals,

> To establish that he was convicted in violation of his right to effective assistance of counsel, a claimant must satisfy both prongs of the two part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test is "rigorous," *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir.2001), and "highly demanding," *Kimmelman v. Morrison*, 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). To satisfy it, a claimant must show both that "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.
>
> As to the first prong, to determine whether an attorney's conduct was deficient, "[t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052. As to the second prong, to establish that he was "prejudiced" by his attorney's constitutionally deficient performance, a claimant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. A "reasonable probability" in this context is one that "undermine[s] confidence in the outcome." *Id.*

*Pavel v. Hollins*, 261 F.3d 210, 216 (2d Cir. 2001). A defendant's claim that he was denied the right to testify is considered a component of an ineffective assistance of trial counsel claim, and

is therefore reviewed under the two-part *Strickland* standard. *See Brown v. Artuz*, 124 F.3d 73, 74 (2d Cir. 1997) ("We conclude that the decision whether a defendant should testify at trial is for the defendant to make, that trial counsel's duty of effective assistance includes the responsibility to advise the defendant concerning the exercise of this constitutional right, and that the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), should be used to assess a defendant's claim that defense counsel rendered ineffective assistance by preventing him from testifying or at least failing to advise him concerning his right to testify."), *cert. denied*, 118 S.Ct. 1077 (1998); *see also Brown*, 124 F.3d at 79.

Ineffective assistance of counsel claims based on a failure to properly advise a defendant of such a right are viewed "with some suspicion" particularly in the absence of "objective evidence of corroboratory circumstances[.]" *United States v Wisniewski*, 478 F.2d 274, 284 (2d. Cir. 1973). A defendant's bare, unsupported assertion, even in affidavit form, is generally insufficient; rather, courts have required "greater particularity" and "some substantiation" to state a claim. *Chang v. United States*, 250 F. 3d 79 (2d Cir. 2001); *Charon v. United States*, 99 CIV 10266, 2000 WL 1218372 (S.D.N.Y. Aug. 28, 2000); *Davison v. United States*, 97 CR. 049, 00 CIV 3064, 2001 WL 883122 (S.D.N.Y. Aug. 3, 2001).

Here, White contends that his trial attorney prevented him from testifying in his defense, after promising to the jury that petitioner would testify, and then offering no explanation for petitioner's failure to do so. At trial, defense counsel told the jury in his opening statement that petitioner was going to tell them his "side of the story," in particular, his positive relationship with the victim's family. *See* T.18, 22-23.[2] After the People's direct case, however, White

---

[2] Citations to "T.__" refer to pages in White's trial transcript.

informed the trial judge that he did not want to take the stand and testify in his own defense. Trial counsel explained that based on what they had seen in the courtroom, White would not testify. T.178. The trial court later appropriately instructed the jury that they should not take any unfavorable inference from the fact that petitioner did not testify. T.218.

As noted above, the C.P.L. § 440.10 court observed that when Petitioner informed the court at trial that he did not wish to testify, there was no reasonable basis upon which to conclude that he did not know or was otherwise unaware that the decision to testify was ultimately his to make. The Second Circuit instructed in *Brown v. Artuz* that "[a]lthough counsel should always advise the defendant about the benefits and hazards of testifying and of not testifying, and may strongly advise the course that counsel thinks best, counsel must inform the defendant that the ultimate decision whether to take the stand belongs to the defendant, and counsel must abide by the defendant's decision on this matter." 124 F.3d at 79. Here, the C.P.L. § 440.10 court stated that because White had not proffered any particulars as to the substance of his proposed testimony, he had not shown the absence of a legitimate basis for counsel's conclusion that he should not testify. This reference to "counsel's conclusion" regarding White not testifying does not reference the correct legal standard. *See Campos*, 930 F. Supp. at 793 ("[T]he issue here is not whether petitioner knew he had the right to testify, but whether he knew that ultimately it was his choice to make, not that of his attorney."); *accord Brown*, 124 F.3d at 80. Nevertheless, as set forth below, the Court finds that the C.P.L. § 440.10 court did not incorrectly decide White's claim.

White has supplied only his own affidavit, with no proof to corroborate his statements therein. Significantly, he has supplied no affidavit from his trial counsel. *See United States v.*

*Wisniewski*, 478 F.2d at 284. However, even if White's conclusory allegation about counsel's alleged error raised an issue with regard to the performance prong of *Strickland*, *but see Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir.1991) (conclusory allegation that lawyer prohibited defendant from testifying inadequate to require hearing), White cannot satisfy the prejudice prong of the *Strickland* test, *see Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."). *Accord Brown v. Artuz*, 124 F.3d at 80 (where neither the magistrate nor the district judge explicitly found that Brown was aware that the ultimate decision whether to testify belonged to him, and assuming *arguendo* that Brown's conclusory allegation that counsel did not so advise him, there was no need to remand for a finding on this point because Brown's ineffective assistance claim failed the "prejudice" prong of *Strickland*).

The C.P.L.§ 440.10 court also found that Petitioner failed to provide the particulars of his prospective testimony and further had not come forward with any independent evidence that trial counsel had erroneously advised him concerning his right to testify. Respondent points out that Petitioner has presented no evidence either of what his testimony might have been, or how it would have favorably affected the outcome of the trial. *See Polanco v United States*, 00 CV 19055, 2005 WL 1229255 (E.D.N.Y. May 23, 2005) ("However, Petitioner's submissions focus almost exclusively on the legal basis of his claim regarding a defendant's right to testify–a point which is not actually in dispute. What Petitioner's submissions fail to sufficiently address is the factual basis of his claim. Petitioner has not submitted a sworn affidavit stating that he wished to testify at trial, nor has he provided the Court with any indication of what the substance of his testimony would have been. As Petitioner appears to recognize, Petitioner's failure to supply an

affidavit or give any description of his proposed testimony distinguishes his case from others in which a hearing or other relief was granted. E.g.[,] *Rega v. United States*, 2000 WL 356403 (S.D.N.Y. Apr. 6, 2000)[, *rev'd,* 263 F.3d 18 (2d Cir. 2001)]; *Glick v. United States*, 1998 WL 315065 (E.D.N.Y. June 11, 1998). As other courts have noted, 'without more, a [petitioner's] "barebones assertion" that his attorney told him not to testify in his own defense, even if that assertion is made under oath, has been held to be insufficient to justify a hearing or other action on a petitioner's claim that his right to testify in his own defense was denied him.' *Scire v. United States*, 1997 WL 138991, *11 (E.D.N.Y. Mar. 24, 1997) (citing *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991)); *Acevedo v. Demskie*, No. 96 CV 3141(SJ), 1999 WL 325055, at *2 (E.D.N.Y. May 11, 1999); *Millian v. United States*, No. CV 95-3486, 1997 WL 793113, at *2 (E.D.N.Y. Nov. 18, 1997) (citing *Underwood v. Clark*, 939 F.2d at 476; *Siciliano v. Vose*, 834 F.2d 29, 31 (1st Cir. 1987)). Finally, I note that Petitioner's testifying entailed a potentially unacceptable risk, since prosecutor could adduce testimony that he was a prior felon.

At White's trial, in addition to the nine-year-old victim's testimony, which was not subjected to substantial impeachment, the prosecution called the victim's brother and mother. The victim's brother saw petitioner and the victim in the bathroom very close together. T.71-74, 79. Petitioner confessed to the victim's mother that he had engaged in sexual acts with the child. T.86-89. Furthermore, the prosecution presented medical proof indicating that the victim's vagina had been penetrated. Thus, even if White had taken the stand and testified (as trial counsel suggested in the opening argument) about his "good relationship" with the victim's family and his innocence, there is no reasonable probability that the verdict would have been different or more favorable to Petitioner. *Cf. Brown v. Artuz*, 124 F.3d at 80 (petitioner specifically

-8-

contended that his testimony would have shown that, based on his past experiences with, and observations of . . . the victim, he had a "true, real, and well founded fear" of [the victim] during the encounter, and therefore he could demonstrate that the prosecution failed to disprove his defense of justification beyond a reasonable doubt; finding no prejudice because "[a]lthough Brown's purported testimony would have supported the first element [of the justification defense], and perhaps the second as well, nothing in his offer of proof would have been sufficient to support a reasonable inference in his favor on the third element of the justification defense"). Given the circumstances presented by White's case, and even assuming there was any deficiency in counsel's advice regarding petitioner's right to testify, the Court cannot find that such shortcoming prejudiced White's defense. *See id.* at 81. ("Because there is no reasonable probability that the result of the trial would have been different, even if Brown had testified, as he claims he wished to do, the judgment of the District Court [denying the writ of habeas corpus] is affirmed."); *see also Donato v United States*, No. 98-2991-pr, 208 F.3d 202 (Table), 2000 WL 268593, at *2 (2d Cir. Mar. 7, 2000) (unpublished opn.) ("Nonetheless, even assuming that there was a deficient performance by counsel denying [defendant] Donato his right to testify, unless Donato's potential testimony could have established a defense, he cannot demonstrate prejudice. *See Brown v. Artuz*, 124 F.3d at 81. Donato has not presented any evidence of what his testimony might have been, or how it might have affected the outcome of the trial. In light of the considerable evidence against him–22 witnesses, including seven car-jacking victims, three of whom identified him–we find that his testimony would not have been beneficial to his case, and we affirm the denial of this claim by the district court.").

The second aspect of White's ineffective assistance claim is that counsel was deficient

and prejudiced his defense when counsel told the jury that Petitioner would testify, and then offering no explanation when Petitioner did not do so. It is unclear why Petitioner's trial counsel made the representations that he did in his opening statement. Even if, at that point in the trial, trial counsel firmly believed that White was going to take the stand, he likely should have exercised a greater degree of circumspection in his opening remarks to the jury. Given the inherently unpredictable nature of trial, it is impossible to know with certainty how events are going to unfold and what their impact on myriad, intertwined tactical decisions will be. Thus, frequently, discretion is the better part of valor. Even if the Court were to assume that trial counsel committed a misstep in his opening statement, the Court does not believe that it was an "error[ ] so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. *Cf. Yancey v. Hall*, 237 F. Supp.2d 128, 133 (D. Mass. 2002) (finding counsel's "unfulfilled promise constituted a serious error"; counsel told the jury that petitioner would testify, stating, "you will find that Adrian Yancey will tell you, and we'll show that Adrian Yancey was not in Framingham [on the night that the undercover drug buy took place]"; district court held that, "taken in the context of his representation over the course of [the] two-day trial," the misstep "did not rise to the level of ineffective assistance of counsel"; *inter alia*, trial counsel did not "make Yancey's personal testimony and credibility and centerpiece of his defense, nor did he repeatedly remind the jury that Yancey would be testifying", and "counsel did not fuel the jury's anticipation for this testimony by calling even a single witness to attest to Yancey's credibility"); *contrast with Contrast with Ouber v. Guarino*, 293 F.3d 19, 22-24, 27 (1st Cir. 2002). In *Ouber*, defense counsel promised on four separate occasions in his opening statement that the defendant would testify, told the jury that their

ultimate decision would hinge on the defendant's credibility, and then "set the stage" for her testimony by calling 24 witnesses who testified to defendant's reputation for veracity, only to later advise the defendant against testifying, although she desired to do so; and during summation, apologize to the jury for not presenting "more of a case". *Ouber*, 293 F.3d at 27. The First Circuit found that the "error attributed to counsel consist[ed] of two inextricably intertwined events: the attorney's initial decision to present the petitioner's testimony as the centerpiece of the defense (and his serial announcement of that fact to the jury in his opening statement) in conjunction with his subsequent decision to advise the petitioner against testifying. Taken alone, each of these decisions may have fallen within the broad universe of professional judgments. Taken together, however, they are indefensible." *Id.*

In this case, counsel's reference to White telling the jury "his side of the story" is fairly vague, in contrast to the more specific testimony promised in *Yancey*. Furthermore, as was the case in *Yancey*, White's defense counsel did not make White's "personal testimony and credibility the centerpiece of [the] defense," *Yancey*, 237 F. Supp.2d at 135. As respondent points out, counsel did not emphasize petitioner's credibility in his statements to the jury or call character witnesses. Rather, the defense focused on vigorously challenging the victim and her mother, and the lack of medical evidence corroborating the victim's alleged injuries. Under the circumstances here, White's counsel's failure to deliver promised testimony did not rise to the level of constitutionally ineffective assistance of counsel. *Cf. Yancey v. Hall*, 237 F. Supp.2d at 134-35.

Even if this Court had deemed counsel's misstep to be deficient representation, White still would have to demonstrate actual prejudice as a result. Here, counsel's "unfulfilled promise

-11-

was 'fleeting and isolated'", *Yancey*, 237 F. Supp.2d at 135 (quotation to record omitted), and counsel did not overly emphasize the importance of White's testimony to the case. Unlike *Ouber*, where the petitioner's testimony was the "centerpiece" of the defense, here, as in *Yancey*, trial counsel's main defense was not one for which White's testimony was essential. *Yancey*, 237 F. Supp.2d at 135. As noted above, White's defense centered on undermining the credibility of the prosecution's witnesses and assailing the lack of physical evidence corroborating the victim's testimony. In addition, as in *Yancey*, 237 F. Supp.2d at 135, the jury at White's trial was instructed that the defendant had no obligation to present proof, and that the jury was to draw no adverse inference from his failure to testify. Accordingly, I cannot find that White has demonstrated that there is a reasonable probability that the outcome of his trial would have been different or more favorable, but for counsel's allegedly deficient performance. Therefore, habeas relief is unwarranted on this claim.

### III. Conclusion

For the reasons stated above, James White's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the Petition is dismissed. Because White has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ Hon. Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   May 24, 2010
         Buffalo, New York.